**Affirmed and Opinion Filed July 17, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01087-CR**

**KENNETH LEE FREEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F15-41712-H**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Francis

Kenneth Lee Freeman appeals his conviction for the offense of indecency with a child. In two issues, appellant contends the evidence is legally insufficient to support the jury's verdict and the charge authorized conviction for an allegation not made in the indictment. We affirm the trial court's judgment.

On the evening of August 29, 2015, appellant and his wife were babysitting their grandchildren, S.W. and J.W., while their daughter, Hannah, and her husband had a "date night." At the time, S.W., a girl, was seven years old and J.W., a boy, was four. Appellant and the children watched movies in the living room while appellant's wife was in and out of the room doing other things. S.W. and appellant were seated together on a recliner, and J.W. was on the sofa. J.W. eventually fell asleep.

S.W. told the jury that appellant began rubbing her vagina with his hand over her clothes. Appellant continued to rub her genitals for a period of time and she felt afraid while it was happening. She did not tell her parents about it when they came to pick her up because she was afraid her mom would believe appellant rather than her.

The next day, Hannah went back to her parents' house and, while she was there, appellant told her S.W. had tried to place his hand on her private parts several times. Appellant said he removed his hand, but S.W. kept pulling it back. Appellant said he thought S.W. was at an age where she was curious and exploring her sexuality. He suggested she not make a big deal out of it. Hannah immediately went home to discuss the situation with her husband and they decided to talk to S.W.

When they asked S.W. if appellant had done something inappropriate, S.W. initially denied anything happened. After being assured she had no reason to be scared, S.W. became upset and told her parents appellant had rubbed her private parts. S.W. told them she felt frozen with fear when it happened and she knew what he was doing was wrong. Hannah reported the matter to the police and appellant was eventually charged with indecency with a child by contact.

Appellant pleaded not guilty to the offense and, after hearing the evidence, the jury found appellant guilty. The trial court sentenced him to three years in the state penitentiary. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

In his first issue, appellant contends the evidence is legally insufficient to prove he touched S.W. with the intent to arouse or gratify his sexual desire. When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve

–2–

conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 21.11(a) (West Supp. 2017). "Sexual contact" is defined as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(c). The intent to arouse or gratify may be inferred from conduct alone. *See Jimenez v. State*, 507 S.W.3d 438, 440 (Tex. App.—Fort Worth 2016, no pet.). No oral expression of intent or visible evidence of sexual arousal is necessary. *Id*.

In this case, appellant admitted some touching of S.W.'s genitals occurred and that it was sexual in nature, but placed the blame on his seven-year-old granddaughter's alleged curiosity. The jury was free, however, to believe S.W.'s testimony that appellant touched her of his own volition. The factfinder could infer from the nature of the touching S.W. described that appellant had the requisite intent to arouse or gratify his own sexual desire. We resolve appellant's first issue against him.

In his second issue, appellant contends he was egregiously harmed because the jury charge authorized conviction for allegations not made in the indictment. The charge instructed the jury to convict appellant if it found he engaged in sexual contact with S.W. with the intent to arouse or gratify the sexual desire of *any person*. The indictment, however, alleged only that appellant engaged in sexual contact with S.W. to arouse or gratify *his own* sexual desire. Appellant did not

object to the charge. To be entitled to reversal of the conviction, therefore, appellant must show the charge error, if any, was so egregious it affected the very basis of his case, deprived him of a valuable right, or vitally affected a defensive theory. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). In assessing harm, we consider (1) the charge itself, (2) the state of the evidence including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Id.*

The jury charge here did not misstate the law. Appellant contends, however, the application portion of the charge authorized the jury to convict him if it concluded he engaged in sexual contact with S.W. with the intent to arouse or gratify her sexual desire rather than his own, an offense for which he was not charged. A review of the record shows this theory of the case was not urged at trial and no evidence was presented to support such a finding. Although appellant testified S.W. instigated the sexual contact, he also stated he immediately pulled his hand away. Accordingly, appellant's testimony would not support a finding that he engaged in the sexual contact with the intent of arousing or gratifying S.W.

In its closing argument, the State said appellant invented the story of S.W. instigating the contact to "get out in front of it" and "direct the narrative" of what occurred that night. At no point did the State suggest appellant's intent when engaging in the conduct was to arouse or gratify S.W.'s sexual desire. Because no evidence or argument was presented to support a conviction on any theory other than that appellant engaged in the sexual contact to arouse or gratify his own sexual desire, we conclude harm, if any, was not egregious harm. *See Taylor v. State*, 332 S.W.3d 483, 493 (Tex. Crim. App. 2011) (jury charge error not egregiously harmful where no evidence presented to support conviction only on improper basis). We resolve appellant's second issue against him.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

171087F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KENNETH LEE FREEMAN, Appellant

No. 05-17-01087-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F15-41712-H.
Opinion delivered by Justice Francis.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 17, 2018.